# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
# AT NASHVILLE

## DANNY ALEXANDER v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Maury County**
**Nos.  11441 & 1187     Jim T. Hamilton, Judge**

———————————

**No. M2007-01756-CCA-R3-PC** - Filed April 24, 2008

———————————

This matter is before the Court upon the State's motion to affirm the judgment of the post-conviction court by memorandum opinion pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.  The Petitioner, Danny Alexander, appeals the post-conviction court's dismissal of his petition for post-conviction relief based on its untimeliness.  Upon a review of the record, we are persuaded that the post-conviction court was correct that the petition is barred by the statute of limitations.  This case meets the criteria for affirmance pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.  Accordingly, the State's motion is granted, and the judgment of the post-conviction court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**
**Pursuant to Rule 20, Rule of the Court of Criminal Appeals**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which DAVID H. WELLES and JERRY L. SMITH, JJ., joined.

Danny Alexander, Whiteville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Michael E. Moore, Solicitor General; Jennifer L. Bledsoe, Assistant Attorney General; Mike Bottoms, District Attorney General, for the Appellee, State of Tennessee.

## OPINION

The record reflects that the Petitioner is currently incarcerated on convictions stemming from two separate case numbers.  In case 11187, the Petitioner pled guilty on September 13, 1999, to aggravated burglary and felony theft.  The trial court sentenced him to four years of

supervised probation. On April 14, 2000, in case number 11441, the Petitioner pled guilty to aggravated burglary and felony theft. For the aggravated burglary conviction, the trial court sentenced him to six years of community corrections. The trial court sentenced the Petitioner to four years of community corrections for the theft conviction. It then ordered that these two sentences run consecutively to each other and consecutively to the sentences in case number 1187. The record contains an order, dated December 15, 2000, revoking the Petitioner's community corrections sentence and reinstating his fourteen-year sentence. The Petitioner did not take a direct appeal.

The Petitioner filed his petition for post-conviction relief on July 5, 2007, alleging that he received the ineffective assistance of counsel. On July 23, 2007, the post-conviction court filed an order dismissing the petition as time barred.

Tennessee Code Annotated section 40-30-102(a) (2006) provides that a petition for post-conviction relief must be filed "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of the petition shall be barred." There are a few exceptions to the statute of limitations, which require that the Petitioner allege one of the following:

> (1) The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. The petition must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial;
>
> (2) The claim in the petition is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or
>
> (3) The claim asserted in the petition seeks relief from a sentence that was enhanced because of a previous conviction and the conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the petition must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid.

T.C.A. § 40-30-102(b)(1)-(3).

As previously stated, the Petitioner did not take a direct appeal of the judgments he now challenges. Accordingly, a timely petition was due within one year of the date that each respective judgment became final, thirty days after September 13, 1999, and thirty days after April 14, 2000. The Petitioner filed his petition for post-conviction relief on July 5, 2007, well

beyond the statute of limitations, and he has not alleged that any of the statute of limitations exceptions apply.

Therefore, upon due consideration of the pleadings, the record, and the applicable law, the Court concludes that the petition was properly dismissed. Accordingly, the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
ROBERT W. WEDEMEYER, JUDGE